## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BRYAN CAMPBELL,

    Plaintiff,                                        CASE # 8:21-cv-1016

v.

GEE GROUP INC. and
SNI COMPANIES CORP.

    Defendants.
_____/

### COMPLAINT FOR VIOLATION OF PROVISIONS OF THE FLSA & DEMAND FOR JURY TRIAL

Plaintiff, BRYAN CAMPBELL, by and through the undersigned counsel, herein sues the Defendants, GEE GROUP INC. and SNI COMPANIES CORP. pursuant to 29 U.S.C. Section 201 *et seq.* of the Fair Labor Standards Act and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, BRYAN CAMPBELL, brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201*, et seq.,* (the "FLSA"). Plaintiff alleges that he is entitled to unpaid overtime wages, as required by 29 U.S.C. Section 207.

2. The FLSA is our nation's foremost wage law. The overtime

requirements of the FLSA were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3. Plaintiff last worked under the job title of "recruiter" for approximately the past two years.

4. Plaintiff was employed with Defendants since 2016, first working at Defendants' Chicago, Illinois office, and then as of May, 2018, commencing work from Defendants' Tampa office located at 4350 W. Cypress Street, Suite #200, Tampa, FL 33607.

5. Throughout Plaintiff's employment with the Defendants in his current position, he was required to work in excess of forty (40) hours per week in order to complete his job duties and did so.

6. Throughout Plaintiff's employment in this recruiter position, he was required to work nine hours per day without any additional payment or premium for overtime hours.

7. Pursuant to policy and plan, Defendants failed to pay Plaintiff a premium for all hours worked in excess of forty (40) in a workweek as required

by 29 U.S.C. Section 207(a)(1).

8. The Defendants should have, but did not, compensate Plaintiff for all overtime hours worked in excess of forty (40) hours per workweek.

9. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.  Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. Section 1331, because this action involves a Federal Statute, 29 U.S.C. Section 201, *et seq*.

11. This Court has personal jurisdiction over this action because the Defendants operate substantial business in Hillsborough County, Florida and the damages at issue occurred in Tampa, Hillsborough County, Florida.

12. Venue is proper to this Court pursuant to 29 U.S.C. Section 216(b).

13. At all times relevant to this action, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. Section 203(e)(1).

14. Defendant, GEE GROUP INC., is a U.S. for-profit corporation with primary business offices located at either 7751 Belfort Parkway, Suite 150, Jacksonville, FL 32256, or, alternatively at 2001 Butterfield, Road, Suite 1110, Downers Grove, IL 60515.  Defendant GEE GROUP INC. may be served through

its registered agent CORPORATION SERVICE COMPANY, at 1201 Hays Street, Tallahassee, FL 32301-2525.

15. As per GEE Group Inc.'s website, its business is as follows: "GEE Group Inc. is a multi-brand national staffing and recruiting firm serving the IT, Legal, Engineering, Finance and Accounting and Healthcare segments by providing professional and commercial staffing services". See https://www.geegroup.com/.

16. Defendant SNI Companies Corp (SNI) is a foreign for profit corporation with a principal place of business at 4500 Westown Parkway, Bldg 5, Suite 120, West Des Mones, IA 50266.  SNI also has corporate offices in this District located in Jacksonville, Florida.  Defendant SNI may be served through its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

17. Defendant SNI, as per its website, is in the following line of business: "SNI Companies® is a premier provider of recruitment and staffing services specializing in administrative, finance, accounting, banking, technology, and legal professions."  See http://www.snicompanies.com/.

18. The overtime wage provisions set forth in 29 U.S.C. Section 207 applies to the Defendants, as they engage in interstate commerce under the definition of the FLSA and have annual gross revenues of more than $500,000.00

over the past 3 years.

19. All conditions precedent to the filing of this action have been performed.

20. At all times material, Plaintiff performed work for both Defendants jointly.

21. Defendants directed and controlled the day to day work of Plaintiff, and are jointly responsible for the compensation plans and unlawful pay practices complained of herein.

22. In fact, Defendant GEE GROUP INC. is the entity who terminated Plaintiff's employment with a letter informing Plaintiff he was laid off, and in the same letter, there was no mention of Defendant SNI COMPANIES Corp.

23. Thus, both Defendants are employers under the FLSA and are joint employers.

## FACTUAL BACKGROUND

24. Plaintiff was employed by the Defendants, jointly, as a "Technical Recruiter" (Recruiter) in the SNI Technology Division, during the period of approximately May 2017 until March 25, 2020.

25. Plaintiff relocated to Tampa from Chicago in approximately May 2018, working from the Tampa office.

26. As a Recruiter during the period Plaintiff worked in the Tampa office,

he spent the majority of his time developing candidate leads for companies doing business with Defendants who were seeking staffing assistance.

27. Plaintiff's primary duty was to find candidates and present these candidates to the clients of Defendants, who would then interview the candidates and determine if the candidate was a fit and to be hired.

28. In return, the clients paid a fee to Defendants, and Defendants paid Plaintiff a commission for any such placement. Plaintiff primarily engaged in finding long term permanent placements for the Defendants' clients.

29. All of Plaintiff's job duties were routine and standardized, and according to set procedures as created by Defendants.

30. However, Plaintiff did not conduct the job interviews of prospective candidates for hiring and was not involved in the hiring process.

31. Plaintiff did not fire employees or hire employees.

32. Plaintiff did not supervise 2 or more full time employees as contemplated by the FLSA and executive exemption.

33. Plaintiff routinely worked hours in excess of 40 per week throughout his employment as a Recruiter.

34. Plaintiff's last salary plus commissions was $60,000 per year.

35. Defendants did not track and record the work hours of Plaintiff.

36. Despite regularly working in excess of 40 hours per week during his

employment with Defendants, Plaintiff was never paid an overtime premium of any amount, either half time or a one and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

37. Defendants did not have reasonable grounds or a good faith basis under the FLSA to classify Plaintiff as exempt from overtime pay or to claim that Plaintiff's position fell within any of the exemptions to the overtime provisions of the FLSA.

38. Plaintiff's job position was subject to the FLSA wage provisions.

## COUNT I
## Failure to Pay Overtime Compensation in Violation of the FLSA
## 29 U.S.C. § 201, *et seq.*

39. Plaintiff adopts and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

40. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. Section 203(e)(1).

41. The Defendants are Plaintiff's "employer" within the meaning of 29 U.S.C. Section 203(d).

42. The overtime wage provision set forth in FLSA Section 207 apply to Defendants as it has engaged in commerce under the definition of the FLSA and has revenues of greater than $500,000 annually.

43. Throughout Plaintiff's employment with Defendants as a Recruiter, he was not paid overtime compensation for all hours worked in excess of forty (40) per week.

44. Plaintiff did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance to be classified as exempt under the FLSA.

45. Plaintiff did not have disciplinary authority or discretion, and was not involved in hiring and firing of employees.

46. Plaintiff's primary job duty did not require the exercise of independent discretion and judgment in matters of significance, as his primary job duty was to find candidates and present these candidates to the clients of Defendants, who would then interview the candidates and determine if the candidate was to be hired.

47. Plaintiff did not make decisions as an exempt administrator would, nor did he create policy.

48. Plaintiff did not "manage" a department or manage other employees.

49. Defendants are aware, or should have been aware of the FLSA overtime rate calculations, its provisions and exemptions, and knows, or should have known, that withholding overtime wages from Plaintiff constituted a willful violation of the FLSA.

50. Defendants knew that since Plaintiff did not have decision making authority and discretion, and did not interview, hire, fire or have discretion to discipline employees that he was a non-exempt employee and should have been paid overtime wages.

51. Defendants have thus willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime wages to Plaintiff for all hours worked in excess of forty (40) per week.

52. During the relevant time period, Defendants required Plaintiff, an employee under the FLSA, to regularly work in excess of forty (40) hours in a work week without payment of overtime. Defendants were aware Plaintiff was working over 40 hours routinely to perform his job duties.

53. Defendants knowingly and willingly failed to pay Plaintiff proper overtime wages at a rate of time and one half his regular rate of pay, or alternatively a half time premium of his regular rate of pay premium for all such hours, for the purposes of decreasing labor costs and maximizing profitability.

54. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendants in some manner or form. If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

55. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Sections 207 and 216(b) of the FLSA.

56. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

WHEREFORE, Plaintiff, BRYAN CAMPBELL, demands judgment against Defendants for overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, and reasonable attorneys' fees and costs (pursuant to section 216 of the FLSA), and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated April 29, 2021.

Respectfully submitted by,

*/s/Mitchell Feldman*.
Mitchell Feldman, Esq.
**Feldman Legal Group**
6940 W. Linebaugh Ave #101
Tampa, FL 33625
mfeldman@flandgatrialattorneys.com
tel 813 639-9366, fax: 813 639-9376
*Attorney for Plaintiff*